UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| JOSE BERTABI REINA ESTACIO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 21-127-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| J. GILLEY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jose Bertabi Reina Estacio is an inmate at the Federal Correctional Institution in Manchester, Kentucky.  Proceeding without an attorney, Estacio filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  For the reasons set forth below, the Court will deny Estacio's petition.

In 2015, Estacio pled guilty to one count of conspiracy to possess with the intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States.  *See United States v. Jose Bertabi Reina Estacio*, No. 8:15-cr-00193-MSS-TGW, at Rs. 33, 39, 41, 50 (M.D. Fla. 2015).  The district court then sentenced Estacio to 120 months in prison.  *See id.* at R. 93. Estacio did not appeal that judgment, and his subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.  *See Jose Bertabi Reina Estacio v. United States*, No. 8:18-cv-00972-MSS-TGW (M.D. Fla. 2018).

Estacio has now filed a § 2241 petition with this Court.  [R. 1].  As best as the Court can tell, Estacio is arguing that the government did not have subject-matter jurisdiction in his federal

-1-

criminal case and, as a result, he is actually innocent.  [*See id.*].  Ultimately, Estacio asks this Court to "vacate [his] sentence and order a[n] evidentiary hearing."  [*Id.* at 8].

Estacio's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying conviction.  While a federal prisoner may challenge the legality of his conviction on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Estacio cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition.  However, the United States Court of Appeals for the Sixth Circuit has repeatedly explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law from the Supreme Court establishes his actual innocence.  *See Taylor v. Owens*, 990 F.3d 493, 4999 (6th Cir. 2021) (citing *Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020))

Here, Estacio has not made such a showing.  In fact, Estacio has not clearly identified *any* intervening change in statutory law from the Supreme Court, let alone a change that establishes his own innocence.  At most, Estacio points to one decision by the United States Court of Appeals for the Eleventh Circuit on October 1, 2019 [*see* R. 1 at 4], which appears to be a reference to that court's unpublished decision in *United States v. Guerro*, 789 F. App'x 742 (11th Cir. 2019).  Since that decision, however, was not issued by the Supreme Court, Estacio's reliance on it is unavailing.

*See Taylor*, 990 F.3d at 499 (emphasizing that a petitioner "must identify a *Supreme Court* decision that reinterprets the statute of conviction" and pointing out that a federal appeals court "is not the Supreme Court.").

In short, Estacio may not proceed under § 2241.  Therefore, this Court lacks jurisdiction to entertain his petition.

Accordingly, it is hereby **ORDERED** as follows:

1. Estacio's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 2nd day of August, 2021.

Signed By:

**William O. Bertelsman** *WOB*

**United States District Judge**